IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | CHAPTER 13 |
| HUGO ALFREDO PACHECO, JR. | CASE: 24-13292KHT |

DEBTOR

CHAPTER 13 TRUSTEE'S AMENDED OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

The Standing Chapter 13 Trustee hereby files his Amended Objection to Confirmation of the proposed chapter 13 Plan and states:

1. Debtor has not commenced Chapter 13 Plan payments. 11 U.S.C. § 1326.

2. The Chapter 13 Plan does not fund the required 10% Trustee's fees. 28 U.S.C. § 586(e), 11 U.S.C. §§ 1322(a)(1) and 1325(a)(1).

3. The Chapter 13 Plan appears to be infeasible because the monthly net income on Schedule J ($938.51) is less than the Chapter 13 Plan payment in the amount of $1,250.00. 11 U.S.C. § 1325(a)(6).

4. Parts 3.1D and 3.2C are inconsistent with regard to the amount to be paid to Class Four creditors. 11 U.S.C. § 1325(a)(6).

5. Parts 10.2, 10.3, 10.4, 10.5, 10.6, 10.7, 10.8 and 11 of the Chapter 13 Plan are missing. Trustee cannot administer the Plan as drafted and the Plan should be amended. 11 U.S.C. § 1325(a)(6).

6. The Form 122C-1 filed does not disclose any income earned by the Debtor in the six months preceding the filing of this case. This is inconsistent with the schedules and Debtor's § 341 testimony. Trustee cannot determine if the Chapter 13 Plan provides for the correct Applicable Commitment Period. 11 U.S.C. §§ 1325(a)(3) and 1325(b).

7. Debtor's proposal to contribute $1,669.00 per month (approximately 15% of gross income) towards a retirement savings account, in light of the proposal to not pay unsecured creditors in full, appears to be excessive and unnecessary for the support of Debtor and his dependents during the term of the case and may indicate a lack of good faith. 11 U.S.C. § 1325(a)(3). See: *In re Melendez*, 597 B.R. 647 (Bankr. D. Colo. 2019).

8. Debtor's Chapter 13 Plan does not provide for an increase in plan payments when the direct payments of $352.00 for a 2019 Triumph Triger 800 and $289.00 for a 2010 GMC Sierra end in approximately twenty-nine (29) months and five (5) months, respectively. 11 U.S.C. §§ 1325(a)(3), 1325(b)(1)(B) and 1325(b)(2)(A). Trustee notes that pursuant to the creditors' proofs of claim, both are financed vehicles, not leases as stated in Part 10.1 of the Plan. See: *In re Caldwell*, District of Colorado, 17-21713-KHT, April 16, 2019, Docket #49.

9. The Chapter 13 Plan should be amended to include a provision that, "Any bonus income the Debtor is entitled to receive for the applicable commitment period shall be paid into the Debtor's Chapter 13 Case". 11 U.S.C. § 1325(a)(3) and 1325(b)(1)(B).

The Trustee reserves the right to amend his objection and to report on the payment history at any confirmation hearing.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

July 19, 2024

Respectfully submitted,

s/Janae Mann
Janae Mann, MN #0505071
Attorney for Chapter 13 Trustee,
Adam M. Goodman
P.O. Box 1169
Denver, CO  80201-1169
(303) 830-1971
FAX (303) 830-1973
jmann@ch13colorado.com

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Amended Objection to Confirmation was placed in the U.S. Mail, postage prepaid or delivered electronically via ECF, on July 19, 2024 addressed as follows:

HUGO ALFREDO PACHECO, JR.
2807 BENTON STREET
WHEAT RIDGE, CO 80214


MICHAEL M. NOYES PC
VIA CM/ECF


\s\ kmp
Chapter 13 Trustee Staff Member